**No. 59021.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 232596–K, 234594–K, and 234927–K (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 59022.**—Rathjen Bros., Inc. *v.* United States, protest 187879–K (San Francisco).

Opinion by JOHNSON, J.   In accordance with oral stipulation of counsel that 15 bottles of cordials were, in fact, short at the time of unlading of the shipment and following *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351), the claim of the plaintiff was sustained.

**No. 59023.**—Dorf International, Ltd. *v.* United States, protest 239299–K (C) (New York).

Opinion by JOHNSON, J.   It was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the 138 crates of fresh cucumbers reported by the inspector as manifested, not found, were not in fact received by the importer.   In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found.   The protest was sustained to this extent.